**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1604016007 |
| | ) | |
| | ) | |
| JOSHUA GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: August 5, 2021
Date Decided: August 25, 2021

**ORDER DENYING JOSHUA GONZALEZ'S MOTION FOR MODIFICATION OF SENTENCE FOR AN OFFENSE COMMITTED AS A JUVENILE**

This 25th day of August, 2021, upon consideration of the Motion for Modification of Sentence for an Offense Committed as a Juvenile (the "Rule 35A Motion") filed by Joshua Gonzalez; Rule 35A of the Superior Court Rules of Criminal Procedure ("Criminal Rule 35A"); 11 Del. C. § 4204A(d)(1) ("Section 4204A(d)"), the facts, arguments and legal authorities set forth in the Rule 35 Motion; and, the entire record in this case:

1.      A jury found Mr. Gonzalez guilty on nine charges.   At the time on the crimes, Mr. Gonzalez was not yet eighteen.   On May 25, 2018, the Court sentenced Mr. Gonzalez as follows: (i) Murder 1st – 75 years at Level V suspended after 30 years at Level V for 5 years at Level IV DOC Discretion suspended after 6 months at Level IV for 2 years at Level III; (ii) PFDCF—3years at Level V; (iii) Attempted Murder 1st – 30 years at Level V suspended after 15 years at Level V for 5 years at Level IV DOC Discretion suspended after 6 months at Level IV for 2 years at Level III; (iv) PFDCF—3 years at Level V; (v) Reckless Endangering 1st – 5 years at Level V suspended for 2 years at Level III; (vi) CCDW—8 years at Level V suspended after 1 year at Level V for 2 years at Level III; (vii) Handgun Prohibited Juvenile—8 years at Level V suspended after 6 months at Level V for 2 years at Level III; (viii) Conspiracy 1st – 5 years at

Level V suspended for 2 years at Level III. The Court ordered that the Level V time was to run consecutively and the probations were to run concurrently. The effective date of the sentence is April 16, 2016.

2. On August 5, 2021, Mr. Gonzalez filed the Rule 35A Motion. Mr. Gonzalez states that modification of his sentence is appropriate because he has shown growth while incarcerated, he has remained out of trouble while incarcerated and he has accepted responsibility.[1]

3. Criminal Rule 35A governs the modification of a sentence for an offense committed as a juvenile.[2] Criminal Rule 35A is a procedural device for the Court's retained jurisdiction under Section 4204A.[3] A defendant may not file a Criminal Rule 35A motion until the time-served eligibility requirements set forth in Section 4204A are met.[4]

4. Section 4204A(d) sets out the eligibility requirements for Criminal Rule 35A and Section 4202A. Section 4204A(d)(1) provides:

> Notwithstanding any provision of this title to the contrary, any offender sentenced to an aggregate term of incarceration in excess of 20 years for any offense or offenses other than murder first degree that were committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior Court for sentence modification after the offender has served 20 years of the originally imposed Level V sentence.

Section 4204A(d)(2) provides:

> Notwithstanding any provision of this title to the contrary, any offender sentenced to a term of incarceration for murder first degree when said offense was committed prior to the offender's eighteenth birthday shall be eligible to petition the Superior

---

[1] The Rule 35A Motion is unclear as to whether Mr. Gonzalez has accepted responsibility for his conduct. He talks in the passive voice about the incident, acting as if his mere presence there is why he was found guilty. The record in the proceedings does not support Mr. Gonzalez's attempt to recharacterize the facts. Mr. Gonzalez was an active participant and fled from the scene while throwing away the murder weapon.

[2] Del. Super. Crim. R. 35A.

[3] Del. Super. Crim. R. 35A(a).

[4] Del. Super. Crim. R. 35A(b)(4) ("A motion may not be filed until the time-served eligibility requirements set forth in 11 Del. C. § 4204A are met.").

Court for sentence modification after the offender has served 30 years of the originally imposed Level V sentence.

Under the express provisions of Section 4204A(d), Mr. Gonzalez is not entitled to seek relief under Criminal Rule 35A or Section 4204A until: (i) April 16, 2036 on some of his convictions; and (ii) April 16, 2046 on the Murder 1st conviction.

5.      The Court finds that the Rule 35A Motion is premature.

6.      No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.   As such, the sentence is appropriate for all the reasons stated at the time of sentencing.

7.      Accordingly, for the reasons stated above, this Court finds that Mr. Gonzalez has not demonstrated cause for the relief sought in the Rule 35A Motion.

**IT IS ORDERED** that Joshua Gonzalez's Motion for Modification of Sentence for an Offense Committed as a Juvenile is **DENIED**.

*/s/ Eric M. Davis*
**Eric M. Davis, Judge**

Original to Prothonotary:
cc:      Joshua Gonzalez
          Annemarie Puit, Esq., DAG
          Investigative Services